DEBORAH M. SMITH
Acting United States Attorney

THOMAS BRADLEY
Assistant United States Attorney
TODD S. MIKOLOP
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. A06-003 CR (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES'** |
| | ) | **SENTENCING** |
| RAFAEL ALCALA-RUIZ, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the undersigned Special Assistant U.S. Attorney, and submits this Sentencing Memorandum:

### SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . . **3 MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . **1 YEAR**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

I. **BACKGROUND**

The defendant was charged by indictment and plead guilty to one count of reentry of a removed alien, in violation of Title 8 United States Code, § 1326(a). Specifically, the defendant is an alien who had been previously removed from the United States and, on January 10th, 2006, found in the United States at Anchorage, Alaska, without having consent from the Secretary of Homeland Security to reenter the United States.

As outlined in the Presentence Report, the defendant has a criminal history. The Government has not filed any objections to the Presentence Report.

II. **SENTENCING CALCULATION AND RECOMMENDATION**

    A. **Statutory Maximum Sentence**.

The maximum sentence that may be imposed on the defendant is 2 years in prison, a $250,000 fine, 1 year supervised release, and a $100 special assessment.

    B. **Sentencing Guidelines Calculation.**

Based on the defendant's criminal history outlined in the Presentence Report, the defendant's ultimate adjusted offense level is 6 and his criminal history category is II. Accordingly, the defendant faces a sentencing range of 1 to 7 months imprisonment. The United States recommends a sentence of 3 months

imprisonment, 1 year of supervised release and a $100 special assessment. The United States leaves the issue of a fine to the sound discretion of the Court.

  **C.** **The Effect of *Booker* and *Fan Fan*.**

  In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." Booker, 125 S. Ct. at 757. This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to review by the Court of Appeals for "reasonableness." Id. at 769. Accordingly, in the wake of Booker, this Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed. Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account

when sentencing."  Id. at 767.

The position of the United States is that, absent highly unusual circumstances, the sentence in a criminal case should fall within the Guideline range as determined by the Court.  This view is shared by Congress and the Supreme Court.  As every Supreme Court justice in the various opinions in Booker recognized, the Guidelines carry out the express national policy, as articulated by Congress, that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history.  See, e.g., id. at 767 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."); id. at 743 (same) ("Congress' basic statutory goal -- a system that diminishes sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the real conduct that underlies the crime of conviction."); id. at 759 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at 783 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing disparity.").

The Guidelines, aiming to achieve the uniform and appropriate treatment of

like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. The Guidelines, consisting of offense characteristics and various grounds for departure, also address all of the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." Thus, fidelity to the Guidelines best accomplishes the purpose of fair and consistent sentencing, and should occur absent unusual circumstances.

     Accordingly, a sentence within the Guideline range is presumptively reasonable, and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent

possible. The United States anticipates that only sentences outside the Guideline range will be subject to appellate scrutiny for reasonableness in light of the Congressional mandate.

In this case no unusual circumstances exist which warrant an exception to the preference for Guideline sentencing. Therefore, the United States respectfully recommends that the Court sentence the defendant to a term of imprisonment of 3 months, which is a term of imprisonment in the middle of the Guidelines range of 1 to 7 months.

### III.    APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS

In addition to the Guidelines, as previously noted, Booker makes clear that the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 125 S. Ct. at 767. The Section 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to

victims of the offense. 18 U.S.C. § 3553(a)(1) through (7). Each sentencing factor is addressed in turn:

>  A.   **Nature and Circumstances of Offense and the History and Characteristics of the Defendant.**

The nature and circumstances of the defendant's offense and the defendant's history and characteristics strongly support imposition of a sentence of 3 months of imprisonment. The instant crime is a crime seen regularly in the southern border states, yet not often charged in the District of Alaska. The nature of the crime is the same, however, and should not be diminished simply by the location in which it was committed. Indeed, being found in Alaska after previously having been removed to Mexico, a journey that was no doubt difficult and expensive, shows that the defendant has a complete disregard for this country's immigration laws and policies. Moreover, the defendant had been deported once before, a fact that drives home the nature of this instant offense.

>  B.   **Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.**

The need to appropriately reflect the seriousness the defendant's offense, afford appropriate deterrence, protect the public, and afford the defendant appropriate rehabilitation similarly dictate that a sentence of imprisonment of 3 months is appropriate.

Most applicable in this case is whether a sentence of 3 months imprisonment is sufficient to deter the defendant's conduct. The defendant was not criminally sentenced in his last deportation and, as evidenced by him being before the court now, returned to the U.S. A sentence of imprisonment is critical to deter this defendant from again re-entering the United States illegally. Furthermore, sentencing this defendant to a term of imprisonment will resonate throughout the immigrant community in Alaska and abroad, potentially deterring other immigrants from entering the United States illegally. When viewed against the defendant's past conduct and the potential deterrent effects in the community, a sentence of 3 months imprisonment is fair and just.

### C. **Kinds of Sentences Available.**

The only sentence available and appropriate for the defendant's offense is a combination of confinement, a fine, and supervised release.

### D. **Sentencing Ranges Available.**

The United States' position with regard to an appropriate Guidelines sentence is detailed above.

### E. **Pertinent Policy Statements.**

The United States is unaware of any pertinent policy statement that suggests a range of imprisonment any less than a range of 151 to 188 months.

### F. Need to Avoid Sentence Disparity

A sentence of imprisonment of 3 months is within the sentencing range of 1-7 months suggested by the Guidelines for other similarly situated defendants.

### G. Restitution.

The United States does not recommend restitution in this case.

## IV. SENTENCING RECOMMENDATION

The instant offense is the second illegal entry by this Defendant. Viewed in the context of the recommended Guideline calculation of 1-7 months, a sentence of 3 months imprisonment, an appropriate fine, and a $100 special assessment is fair and just.

RESPECTFULLY SUBMITTED this 28th day of March, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Todd Mikolop
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

I declare under penalty of perjury that a true and correct copy of the **UNITED STATES' SENTENCING MEMORANDUM** was served electronically on:

Sue Ellen Tatter

s/Todd Mikolop

U.S. v. ALCALA-RUIZ
Case No. A06-003 CR (JWS)                9